UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA,            )
                                     )
        v.                           )
                                     )   CRIM. NO. 95-10355-RCL
RICHARD J. GEORGE,                   )
                Defendant.           )
_____)

## MEMORANDUM ORDER
## ON PETITION FOR WRIT OF ERROR CORAM NOBIS

LINDSAY, District Judge.

### I. Introduction

Before the court is a petition of Richard J. George (the "petitioner" or "George") for the issuance of a writ of error coram nobis, pursuant to the All Writs Act, 28 U.S.C. § 1651(a). George claims that he is entitled to relief because his conviction was tainted by fundamental error, and he continues to suffer collateral consequences from an invalid conviction, in the form of terminated state pension benefits. The government opposes the petition on the grounds that there was no fundamental error in the entry of George's guilty plea and because he has inadequately explained his delay in seeking the relief he now requests. After initial review, the court ordered supplemental briefing on the question of whether the court should issue the writ on the ground that the petitioner's conviction for conspiracy to commit wire fraud is invalid in light of decisions of the First Circuit rendered in three cases subsequent to the petitioner's conviction: *United States v. Sawyer*, 85 F.3d 713, 723 (1st Cir. 1996), *United States v. Czubinski*, 106 F.3d 1069 (1st Cir. 1997), and *United States v. Sawyer*, 239 F.3d 31, 37 (1st Cir. 2001). (Order for Further Briefing, May 16, 2005.)

After review of the record and the papers submitted in support of, and in opposition to, the petition (including the supplemental briefing), the court denies the motion for the reasons stated below.

## II.  Background

In December 1995, the petitioner appeared before this court to waive indictment and plead guilty to a one-count information charging him with conspiracy in violation of 18 U.S.C. § 371. The substantive offense underlying the conspiracy was wire fraud, in violation of 18 U.S.C. § 1343.  The information charged that George conspired to "participate in a scheme to defraud the Commonwealth of Massachusetts of the intangible right of honest services of defendant Richard J. George, and to cause the use of wire communications in execution of this scheme to defraud, in violation of Title 18, United States Code, Section 1343." (Information ¶ 4.)

The information detailed the manner and means of the conspiracy, stating that George was employed as a First Assistant Clerk/Magistrate in Massachusetts, and was responsible for issuing search warrants.  (Information ¶ 1.)  The information alleged that George gave blank search warrant forms to Michael P. Fosher, knowing that Fosher had no legitimate reason for having the forms, and that George did not disclose to the Commonwealth that he had given the warrant forms to Fosher. (Information ¶¶ 5-6.)  Finally, the information alleged that Fosher made a telephone call from Florida to the petitioner in furtherance of the scheme. (Information ¶ 9.)

During his plea hearing, the Assistant United States Attorney recounted the foregoing facts and stated that "[i]n giving such forms to Mr. Fosher and in failing to disclose to his employer, the Commonwealth, that he had done so, Mr. George knew that he was engaging in a scheme to defraud the Commonwealth of its right to his honest services as First Assistant/Clerk

Magistrate." (Plea Tr. 26-29.) The petitioner did not object to or comment on this recitation of the facts. (Plea Tr. 29.)

In waiving the indictment and pleading guilty to the information, the petitioner affirmed that he was satisfied with the advice of his attorney (Plea Tr. 9) and that no one pressured him into waiving indictment or entering the plea (Plea Tr. 11, 17). Accordingly, the waiver and plea were accepted by the court. On January 29, 1996, the court sentenced George to 20 months in prison, a $10,000 fine, two years of supervised release, a $50 special assessment, and 200 hours of community service.

George began his sentence at the federal facility in Schuykill, Pennsylvania on February 20, 1996, and was transferred to a federal halfway house in Boston on April 23, 1997. He subsequently completed his two-year term of supervised release. In January 2003, the State Board of Retirement informed George that his retirement benefits would be suspended as of January 1, 2003, as a result of his federal conviction, pending a hearing before the State Board of Retirement. The hearing has been deferred at George's request, pending resolution of this matter.

### III.  Discussion

The petitioner seeks by the issuance of a writ of error coram nobis to vacate his conviction and dismiss the information.[1] (Petr.'s Mem. Supp. Pet. for Writ of Error Coram Nobis ("Petr.'s

---

[1] The petitioner also argues, in his supplemental memorandum, that 18 U.S.C. § 1346 is unconstitutionally vague. In support of that argument, the petitioner cites a *dissenting* opinion from the Second Circuit. *United States v. Rybicki*, 354 F.3d 124, 157 (2nd Cir. 2003) (Jacobs, J., dissenting). The petitioner also cites a Second Circuit case holding the statute unconstitutionally vague as applied to the defendant in that case, *United States v. Handakas*, 286 F.3d 92 (2d Cir. 2002). *Handakas* was subsequently overturned by the Second Circuit in *Rybicki*, 354 F.3d at 144. Further, *Handakas* is clearly distinguishable from the present case because the defendant in *Handakas* was a private actor, and the Second Circuit found that the dispute was essentially a breach of contract case. *Handakas*, 286 F.3d at 107. Therefore, the petitioner has provided no controlling precedent to support his argument. Further, he has provided no compelling argument

3

Mem.") 15.) The writ of error coram nobis is an "unusual legal animal that courts will use to set aside a criminal judgment of conviction only 'under circumstances compelling such action to achieve justice.'" *Hager v. United States*, 993 F.2d 4, 5 (1st Cir. 1993) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)). By contrast with a writ of habeas corpus, a writ of error coram nobis is available only to petitioners who have completed their sentences and are no longer in custody. *United States v. Sawyer*, 239 F.3d 31, 37 (1st Cir. 2001). The writ, as its name suggests,[2] is brought to the same court that convicted and sentenced the defendant (now the petitioner). *Sawyer*, 239 F.3d at 37.

Before granting a petition for a writ of error coram nobis, a court must be satisfied that the petitioner: (1) explains his or her failure to seek relief from judgment earlier; (2) shows "that the petitioner continues to suffer significant collateral consequences from the judgment"; and (3) "demonstrat[es] that an error of 'the most fundamental character,' relevant to the plea decision, occurred." *Hager*, 993 F.2d at 5 (citations omitted); *see also Sawyer*, 239 F.3d at 38.

The court denies George's petition because he has failed to show that there was a fundamental legal error in his conviction. Thus, the court need not decide whether George has met the first and second prongs of the *Hager* standard. *See Sawyer*, 239 F.3d at 38 (dismissing a coram nobis petition for failure to meet the third prong of *Hager* without expressing an opinion as

---

that the statute is unconstitutionally vague as applied to his circumstances; he has not demonstrated that ordinary people would not understand that § 1346 encompasses the petitioner's offense. *See Kolender v. Lawson*, 461 U.S. 352, 357 (1983) ("the void-for-vagueness doctrine requires that a penal statute define a criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement").

[2]In Latin, "coram nobis" means "before us." *Black's Law Dictionary* 362 (8th ed. 2004).

to whether the petitioner could satisfy the first two prongs under *Hager*).

The crux of the petitioner's argument is that his guilty plea suffered from fundamental defects because the government did not have evidence to support the elements of intent and knowledge to commit the conspiracy. To prove a conspiracy, the government must prove that (1) an agreement existed, (2) it had an unlawful purpose, (3) the defendant was a voluntary participant, and (4) the defendant had the intent to agree and the intent to commit the underlying offense. *United States v. Martin*, 228 F.3d 1, 11 (1st Cir. 2000). The petitioner argues that the government did not have sufficient evidence to establish that he had an intent to commit the underlying offense, because the government could not prove that the petitioner knew the search warrant forms would be used for home invasions. The petitioner draws attention to the presentence report, which states that "the government has represented that it cannot prove by a preponderance of the evidence that the defendant knew that the warrants would be used to commit home invasions." (Presentence Report ¶ 20.)

This, however, does not represent a fundamental error in George's conviction. The petitioner has misapprehended the necessary elements of the crime to which he pleaded guilty. The substantive offense underlying the conspiracy in this case is 18 U.S.C. § 1343, the wire fraud statute. To establish a violation of the wire fraud statute, the government must show: (1) a scheme to defraud based on false pretenses; (2) the defendant's knowing and willing participation in the scheme with the intent to defraud; and (3) the use of interstate wire communications in furtherance of that scheme. *United States v. Serrano*, 870 F.2d 1, 6 (1st Cir. 1989). A scheme to defraud in the wire fraud statute encompasses, among other things, "a scheme or artifice to

deprive another of the intangible right of honest services." 18 U.S.C. § 1346.[3]

The petitioner argues that the "scheme" at the center of the conspiracy of which the petitioner was accused "was clearly not simply 'a scheme to defraud the Commonwealth of its right to his honest services as First Assistant/Clerk Magistrate.' The scheme was . . . to provide blank search warrants which were to be used by Fosher and others to commit home invasions and robberies." (Petr.'s Mem. 11.) In support of this argument, the petitioner points out that the government described the "scheme" at the plea hearing as incorporating the home invasions when the Assistant United States Attorney stated, "[w]ith respect to the scheme, Your Honor, the government's evidence would show that beginning in approximately 1991, Fosher, Corso,

---

[3]The First Circuit has interpreted 18 U.S.C. § 1346 in several cases published after the petitioner pleaded guilty in 1996. *See, e.g., United States v. Sawyer*, 85 F.3d 713 (1st Cir. May 30, 1996); *United States v. Czubinski*, 106 F.3d 1069 (1st Cir. 1997); *United States v. Woodward*, 149 F.3d 46 (1st Cir. 1998); *United States v. Sawyer*, 239 F.3d 31 (1st Cir. 2001). As noted earlier, the court requested supplemental briefing from the parties on the question of whether the petitioner's conviction is invalid in light of these cases. Both parties argued that the cases supported their positions, but neither party discussed whether the cases, decided after petitioner's conviction became final, should be applied to the present matter. After considering the parties' arguments and the cases, I find that the cases are not applicable to the current matter, because a subsequent change in the law is relevant in post-conviction proceedings only if the change has been announced by the Supreme Court of the United States in a decision that is retrospectively applicable. *See, e.g., United States v. Sawyer*, 74 F. Supp. 2d 88, 95 (D. Mass. 1999) (holding that coram nobis allows for relief in light of a dispositive change in the law created by a subsequent decision of the United States Supreme Court); *United States v. Mandel*, 862 F.2d 1067, 1074-75 (4th Cir. 1988) (granting a writ of coram nobis based on subsequent Supreme Court decision). Therefore, I need not decide whether these cases present a new rule of law, nor whether a writ of error coram nobis can be used to address an error of law. *See United States v. Sawyer*, 239 F.3d 31, 38 (1st Cir. 2001) (declining to decide whether a writ of error coram nobis is available to vacate a criminal conviction premised on a fundamental error of law). Rather, I will assess this petition in light of the law which was effective at the time of the petitioner's conviction.

DeVito, and Chinn engaged in a series of home invasions and robberies in Massachusetts and elsewhere." (Plea Tr. 27-28.)

Regardless of the precise words used by the Assistant United States Attorney during the plea hearing, the information charged the petitioner with a federal crime, and the petitioner agreed to the underlying facts of that crime at the plea hearing. In order to be valid, a guilty plea must be supported by "enough evidence so that the plea has a rational basis in facts that the defendant concedes or that the government proffers as supported by credible evidence." *United States v. Gandia-Maysonet*, 227 F.3d 1, 6 (1st Cir. 2000). Therefore, the government need not present evidence to prove the defendant's guilt beyond a reasonable doubt; rather, the evidence simply must provide a "rational basis" for the plea of guilty to the crime charged. Further, evidence of a conspiracy need not be direct; it may "plausibly be inferred from the defendants' words and actions." *United States v. Boylan*, 898 F.2d 230, 241 (1st Cir. 1990), *cert. denied*, 498 U.S. 849 (1990).

The facts included in the information and conceded at the plea hearing provide a rational basis for a plausible inference that George intended to engage in a scheme to deprive the Commonwealth of his honest services. There was no need for the government to show that the petitioner was aware of the use to which Fosher would put the blank search warrant forms. In order to establish a rational basis for a plea to participation in a scheme to deprive the Commonwealth of its right to the petitioner's honest services, it was enough for the government to show that George was a public official whose job included issuing search warrants, that he gave blank search warrant forms to a private citizen, knowing the recipient had no legitimate use

for them, and that he failed to inform the Commonwealth of his actions. All of these elements were recited by the Assistant United States Attorney at the plea hearing.

## IV. Conclusion

Based upon the foregoing, the petitioner's request for a writ of error coram nobis is DENIED. The clerk shall enter judgment for the respondent and terminate this case on the court's docket.

IT IS SO ORDERED.

                                               /s/ REGINALD C. LINDSAY
                                               United States District Judge

DATED: June 15, 2006